# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**   ED CR 19-00364-ODW |
| **Defendant**   Richard Hillard Winder | **Social Security No.**  9  0  3  0 |
| **akas:** Hollies, Richard; Stocker, Richard; Tucker, Richard Lee  Monikers: Stocker; Stalker | (Last 4 digits) |

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| March | 22 | 2021 |

**COUNSEL**   Lisa Shinar LaBarre, DFPD
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
**Count 1:** 21:841(a)(1)(b)(1)((A)(viii): Possession with Intent to Distribute Methamphetamine: **Count 5**: 18:922(g)(1): Felon in Possession of a Firearm

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

**235 months This term consists of 235 months on Count 1 of the Indictment and 120 months on Count 5, all to be served concurrently.**

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline §5E1.2(a), all fines are waived as the Court finds that the defendant has established an inability to pay any fine.

**The Court recommends that the defendant be considered for participation in the Bureau of Prison's Residential Drug Abuse Program 500-hr (RDAP).**

**The Court recommends defendant to be housed in a Southern California facility.**

| USA vs. | Richard Hillard Winder | Docket No.: | ED CR 19-00364-ODW |
|---|---|---|---|

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term consists of five years on Count 1 and three years on Count 5 of the Indictment, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs. The defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.

6. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

7. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, nor

| USA vs. Richard Hillard Winder | Docket No.: ED CR 19-00364-ODW |
|---|---|

shall the defendant use, any name other than the defendant's true legal name without the prior written approval of the Probation Officer.

8. The defendant shall cooperate in the collection of a DNA sample from himself.

9. The defendant shall submit the defendant's person, property, house, residence, vehicle, papers, computers, cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

10. The defendant shall not associate with anyone known to the defendant to be a member of the Down for Whatever Gang and the Southsiders (Surenos) Gang and others known to the defendant to be participants in the Down for Whatever Gang and the Southsiders (Surenos) Gang's criminal activities, with the exception of the defendant's family members. The defendant may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the Down for Whatever Gang and the Southsiders (Surenos) Gang, and may not display any signs or gestures that defendant knows evidence affiliation with the Down for Whatever Gang and the Southsiders (Surenos) Gang.

11. As directed by the Probation Officer, the defendant shall not be present in any area known to the defendant to be a location where members of the Down for Whatever Gang and the Southsiders (Surenos) Gang meet or assemble.

The Court authorizes the Probation & Pretrial Services Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of this Court.

Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider --

| | |
|---|---|
| USA vs.  Richard Hillard Winder | Docket No.:  ED CR 19-00364-ODW |

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed --

   a. To reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense;

   b. To afford adequate deterrence to criminal conduct;

   c. To protect the public from further crimes of the defendant; and

   d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3. The kinds of sentences available;

4. The guideline sentencing range;

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_____ /s/ Otis D. Wright

| March 22, 2021 | |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| March 22, 2021 | By | Sheila English /s/ |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;

2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;

3. The defendant must report to the probation office as instructed by the court or probation officer;

4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;

5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;

6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;

7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;

8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;

10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;

13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;

14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

☐ The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California

Attn: Fiscal Department

255 East Temple Street, Room 1178

Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

    1. Special assessments under 18 U.S.C. § 3013;

    2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United

       States is paid):

           Non-federal victims (individual and corporate),

           Providers of compensation to non-federal victims,

           The United States as victim;

    3. Fine;

    4. Community restitution, under 18 U.S.C. § 3663(c); and

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
    at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Deputy Marshal

_____
Date

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Deputy Clerk

_____
Filed Date

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
                Defendant                                                    Date


_____          _____
U. S. Probation Officer/Designated Witness         Date